IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **H & R BLOCK EASTERN ENTERPRISES, INC.** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: **CV-05-PT-0801-E** |
| **DEBORAH A. LEWIS, JIMMY JOHNSON, RIOTA KELLEY, ALLAN BORSTORFF and VILLAGE TAX TEAM,** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| ------------------------------------------------------ | | |
| **H & R BLOCK EASTERN ENTERPRISES, INC.** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: **CV-05-PT-1262-E** |
| **PATRICIA DAIL, LINDA PARKER, and, P&L TAX SERVICE,** | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon defendants' Motion to Consolidate, filed on July 8, 2005.

**FACTS AND PROCEDURAL HISTORY**

On April 15, 2005, plaintiff H & R Block Eastern Enterprises, Inc. ("Block") filed case

1

number CV-05-0801-E, naming as defendants Deborah A. Lewis ("Lewis"), Jimmy Johnson ("Johnson"), Rita Kelley ("Kelley"), Allan Borstorff ("Borstorff"), and Village Tax Team. Block is a Missouri corporation with its principal place of business in Kansas City, Missouri. (CV-05-0801-E Cmpt. ¶ 1). Lewis, Johnson, Kelley, and Borstorff are residents of Calhoun County Alabama. (*Id.* at ¶¶ 2-5). Village Tax Team is a business operated in Jacksonville (Calhoun County), Alabama. (*Id.* at ¶ 6).

The Complaint alleges that the individual defendants were employed, under an employment agreement, by Block, which provides tax preparation and related services throughout the United States. (*Id.* at ¶¶ 9-15). The agreements were signed in late 2003 and early 2004. (*Id.* at ¶¶ 12-15). The individual defendants worked in Block's Anniston District, which includes Jacksonville, Alabama. (*Id.* at ¶ 20). Under the agreement, after the termination of employment with Block, the individual defendants were not to offer any services that the company provided in their district of employment for a period of two years. (*Id.* at ¶ 18). The agreement also contains a provision preventing the defendants from soliciting Block's clients for a period of two years following the termination of their employment with the company. (*Id.* at ¶ 21).

According to the Complaint, Lewis was terminated by Block on April 8, 2004. (*Id.* at ¶ 28). Johnson, Kelley and Borstorff did not return for the 2005 tax season. (*Id.* at ¶ 29). Block alleges that, in violation of their agreements, the individual defendants have prepared tax returns for Village Tax Team during the 2005 tax season and have solicited Block's clients. (*Id.* at ¶¶ 30-31). According to Block, Village Tax Team was aware of the individual defendants' agreements with Block, and permitted and encouraged active violation of the agreements. (*Id.* at

2

¶ 32).

The Complaint in CV-05-0801-E contains the following six Counts: (1) Count I – Breach of Contract against the individual defendants; (2) Count II – Tortious Interference with Business Relations against all defendants; (3) Count III – Tortious Interference with Agreements against Village Tax Team; (4) Count IV – Misappropriation of Trade Secrets against all defendants; (5) Count V – Civil Conspiracy against all defendants; and (6) Count VI – Injunctive Relief against all defendants.  On May 12, 2005, Lewis filed the following four counterclaims against Block: (1) Count One – 42 U.S.C. § 1981 – Retaliation[1]; (2) Count Two – Tortious Interference; (3) Count Three – Defamation; and (4) Count Four – Conspiracy.  On July 19, 2005, the defendants in CV-05-0801-E amended the counterclaims previously filed by Lewis.[2]  The Amended Counterclaim contains the following five claims: (1) Count One – 42 U.S.C. § 1981 and Title VII – Retaliation Claim by Lewis[3]; (2) Count Two – 42 U.S.C. § 1981 – Retaliation Claim by Borstorff, Kelley, and Johnson[4]; (3) Count Three – Tortious Interference Claim by Lewis; (4) Count Four – Defamation Claim by Lewis; and (5) Count Five – Conspiracy Claim by Lewis.

---

[1] Count One of the counterclaim alleges that Block filed CV-05-0801-E in retaliation for a separate action, filed by Lewis, in which she alleged racial discrimination.  (CV-05-0801-E Counterclaim ¶¶ 1-7).  That lawsuit, which is presently on-going in this court, is styled *Lewis v. H & R Block Eastern Tax Services, Inc.* and has been given case number CV-04-1115-E.

[2] This amendment was filed after Block had responded to the presently considered motion.

[3] Count One of the Amended Counterclaim alleges the same facts as those alleged in Count One of the original counterclaim.

[4] Count Two of the Amended Counterclaim alleges that Block filed case CV-05-0801-E in retaliation against Borstorff, Kelley, and Johnson, because Lewis named them as witnesses having information favorable to her in her racial discrimination case against Block.  (Amd. CV-05-0801-E Counterclaim ¶¶ 9-15)

On June 9, 2005, Block filed case number CV-05-1262-E, naming as defendants Patricia Dail ("Dail"), Linda Parker ("Parker"), and P&L Tax Service. Dail and Parker are residents of Etowah County, Alabama. (CV-05-1262-E Cmpt. ¶¶ 2-3). P&L Tax Service is a business operating in Gadsden, Alabama. (*Id.* at ¶ 4).

The Complaint in CV-05-1262-E alleges that Dail and Parker were employed by Block, in its Anniston District, under agreements containing substantially identical terms as the agreements at issue in CV-05-0801-E. (*Id.* at ¶¶ 10-18). Dail signed her agreement in November 2003, while Parker signed the agreement in November 2004. (*Id.* at ¶¶ 10-11). Block terminated Parker in April, 2005, and Dail did not return to the company for the 2005 tax season. (*Id.* at ¶¶ 24-25).

Similar to its allegations in CV-05-0801-E, Block alleges that, in violation of their agreements, Parker and Dail prepared tax returns for P&L Tax Service during the 2005 tax season and have solicited Block's clients. (*Id.* at ¶¶ 26-27). According to Block, P&L Tax Service was aware of Parker and Dail's agreements with Block, and permitted and encouraged active violation of the agreements. (*Id.* at ¶ 32).

The Complaint in CV-05-1262-E contains the following counts: (1) Count I – Breach of Contract against Dail and Parker; (2) Count II – Tortious Interference with Business Relations against all defendants; (3) Count IV[5] – Misappropriation of Trade Secrets against all defendants; (4) Count V – Civil Conspiracy against all defendants; and (5) Count VI – Injunctive Relief against all defendants. The allegations in these counts are substantially identical to those in the

---

[5] The counts of the Complaint are misnumbered, and there is no count designated as "Count III."

corresponding counts in case number CV-05-0801-E.[6]  On June 28, 2005, Parker and Dial filed a counterclaim against Block for Retaliation under 42 U.S.C. § 1981.  The Counterclaim alleges that Block brought this action against them because Lewis identified Dail and Parker as witnesses having favorable information for her racial discrimination case against the company. (CV-05-1262-E Counterclaim ¶ 3).  According to the Counterclaim, Dail was deposed in that lawsuit and gave testimony favorable to Lewis.  (*Id.* at ¶ 4).

### RULE 42(a) STANDARD

Federal Rule of Civil Procedure 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Eleventh Circuit has stated that Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir.1995) (internal quotations and citations omitted).  Although "[d]istrict court judges in this circuit have been urged to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion," *Id.* at 1169 (internal quotations and citations omitted), the rule "is permissive and vests a purely discretionary power in the district court," *Id.* at 1168 (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir.1977)).

---

[6] Unlike the Complaint in CV-05-0801-E, the CV-05-1262-E Complaint does not assert a claim for Tortious Interference with Agreements.

# ARGUMENTS[7]

### I.    Defendants' Motion.

Defendants move to consolidate cases CV-05-0801-E with CV-05-1262-E. Besides the Tortious Interference with Agreements claim filed against Village Tax Team in CV-05-0801-E, defendants note, the two cases contain virtually identical counts. In both cases, defendants argue, Block alleges that the individual defendants, all former tax preparers for the company, have prepared tax returns in violation of what Block claims to be an enforceable agreement. Further defendants contend, in both cases, counterclaims for retaliation have been filed, and both sets of retaliation claims involve *Lewis v. H & R Block Eastern Tax Services, Inc.*, CV-04-1115-E.

According to defendants, there are numerous questions of law and fact that will apply to both cases, including, but not limited to, the following: whether Missouri or Alabama law controls the issues in the case; whether or not the alleged contract is, on its face, unenforceable; whether employees who are not terminated and who do not resign an employment contract are bound by the alleged contract after its expiration; and whether employees who are terminated by Block face an undue hardship based on the time and scope of the agreement. Defendants maintain that discovery would be almost identical in both cases, and the parties are represented by that same counsel in both cases.

Defendants argue that it would be extremely repetitious for this court and the parties to litigate these cases separately. Defendants contend that they would be filing identical motions and briefs on the above-mention issues in both cases. Further, defendants argue, they would be

---

[7] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

forced to take essentially the same depositions twice.  Finally, defendants assert, allowing the two cases to remain separate would cause them to incur unnecessary additional expenses.[8]

**II.       Plaintiff's Response.**

      **A.       There Are No Issues of Common Fact or Law Among the Cases.**

           **1.       There Are No Common Issues of Fact In the Cases.**

It is plaintiff's position that, in support of their motion, defendants rely only upon oversimplified and conclusory generalizations regarding the allegations contained in the separate cases.  Plaintiff disputes defendants' argument that the same "factual contention" is made in both cases.  Plaintiff maintains that, contrary to defendants' suggestions, the two separate groups of defendants in the two cases never worked together.  According to plaintiff, if defendants' reasoning were taken to its logical conclusion, any case brought by Block in Alabama for breach of a non-compete agreement would have to be consolidated with the present two cases.

Plaintiff contends that there is nothing in any of the defendants' answers or counterclaims that would support a claim that the two groups cooperated with each other, had any business or relevant financial relationship, or even worked together after their departure from employment with Block.  On the contrary, plaintiff asserts, both groups of defendants violated their respective non-compete agreements, but both did so as a result of two separate conspiracies that were not linked.

Plaintiff argues that each set of defendants planned and executed separate methods and arrangements to violate their non-compete agreements.  Plaintiff notes that each group of

---

[8] Defendants note that they are all agreeable to utilizing the scheduling order entered in CV-05-0801-E.

7

defendants worked out of different offices within the Anniston, Alabama District. Therefore, plaintiff concludes, each group served different tax payer clients of Block. According to plaintiff, the CV-05-1262-E defendants worked in Block's Gadsden, Alabama office, while the CV-05-0801-E defendants worked in the company's Jacksonville, Alabama office. Further plaintiff argues, each group used separate and independent businesses to channel the company's tax clients after they departed. Finally, plaintiff asserts, each group used separate electronic return originator identifications with the Internal Revenue Service.

Plaintiff maintains that the only possible thread of commonality between all the defendants is that they all were former employees of Block in Alabama who worked for District Manager Anne Tollard. However, plaintiff contends, one party's involvement in distinct events giving rise to different alleged causes of action is insufficient to support a motion to consolidate if there are no common issues of fact or law. *See American Employer's Ins. Co. v. King Resources Co.,* 545 F.2d 1265, 1269-70 (10th Cir. 1976) (finding one person's involvement in nine separate actions, when there are no common issues of fact or law, is insufficient to predicate a consolidation). *See also Enterprise Bank v. Saettele,* 21 F.3d 233, 236 (8th Cir. 1994) (finding consolidation improper when the "the only common factual thread running through the lawsuits was the fact that the Saetteles were defendants in both cases").

      **2.**    **There Are No Common Issues of Law.**

Plaintiff contends that, while all of the defendants have been sued for violating a non-compete agreement, not all of the agreements are the same. Further, plaintiff states, even if they were the same, that would not equate to or constitute "common issues of law." Plaintiff highlights *Enterprise Bank v. Saettele,* 21 F.3d 233 (8th Cir. 1994), where the Eighth Circuit held

that the trial court acted improperly in consolidating two cases. 21 F.3d at 237. In each case, a creditor sought to satisfy a judgement against the Saetteles. *Id.* at 234. The two creditors were Landmark Bank of St. Charles County ("Landmark") and Enterprise Bank ("Enterprise"). *Id.* Enterprise filed a motion to consolidate to determine the validity of a pre-judgment attachment obtained by Landmark. *Id.* at 235. The court noted that both creditors' cases involved breach of contract claims against the same defendants. *Id.* at 236. However, plaintiff points out, because the operative facts giving rise to each cause of action were distinct, the *Saettele* court found that the "[t]he legal issues [were] unrelated" and consolidation was improper. *Id.*

Likewise in this case, plaintiff argues, the claims in the two suits arise out of distinct operative facts. According to plaintiff, the defendants' potential liability to Block in one case is wholly independent and separate from the potential liability of the defendants in the other case. Indeed, plaintiff states, even the defendants' counterclaims in each case are individual to each set of defendants. Plaintiff asserts that all parties in each case will have to prove their claims based on individualized facts. Further, plaintiff contends, the legal issues are unrelated, and the defendants have not and cannot establish any common issue of law.

### B.     Judicial Efficiency Would Not Be Best Served by Consolidation.

Contrary to defendants' assertion, plaintiff argues, while there may be some common documents that Block will produce in both cases, the vast majority of documents will be different as the two groups of defendants did not operate out of the same office and did not have business relations with one another. In addition, plaintiff notes, the two groups served distinct sets of clients. Therefore, plaintiff concludes, all relevant documents, including monthly financial statements, new account forms, correspondence, etc., will relate solely to a particular defendant.

According to plaintiff, it anticipates that it will seek documents from the different groups of defendants related to their businesses and the taxpayer clients they served. Because the separate groups of defendants operated out of different locations and did not serve the same clients, plaintiff contends, the two groups will not have shared discovery.

Plaintiff also states that it may or may not subpoena taxpayer information or financial records from each of the defendants. According to plaintiff, whether it will subpoena any of these documents will depend on the individual groups of defendants and the discrete facts of their case. Additionally, plaintiff states, because these documents are individual to each group of defendants, the evidence would not relate to the other group's case.

Further plaintiff maintains, while there may be a few deponents/witnesses who may be called in both cases, little, if any, of their testimony will overlap. Plaintiff acknowledges that Anne Tollard will likely testify in both cases. However, plaintiff asserts, while general testimony such as her background information will be the same, her testimony concerning the merits of one case will be unrelated and irrelevant to the other case. According to plaintiff, such independent testimony would include information on how each defendant became an employee, and how each defendant left Block. Plaintiff states that such testimony would also include: information related to the separate businesses operated by each group; the method used to investigate the potential violation of each individual's non-compete agreement; Tollard's understanding of the individual facts related to client retention; and Tollard's ultimate conclusions.

Moreover, plaintiff contends, it may or may not depose former or present taxpayer clients of Block from whom business may have been solicited and/or acquired by defendants. Since each group worked with different taxpayers, plaintiff concludes, each of these potential

deponents/witnesses can only give testimony relating to one case. Therefore, like the documents, plaintiff states, the deponents/witnesses will not be identical in both cases.

As a result of the individualized discovery in the two cases, plaintiff asserts, any motions filed will be different in each case as they will be based upon the underlying operative facts of each case.

### C.    H & R Block Will Be Prejudiced by the Consolidation of These Cases.

Plaintiff maintains that very little evidence will overlap in the two cases' counterclaims against Block. Further, plaintiff contends, there will be no overlap in the claims by it against the separate groups of defendants. If the two cases were combined, plaintiff argues, a multitude of witnesses and exhibits would be introduced at trial relating to the two sets of defendants, which together total eight defendants. Plaintiff states that these witnesses and exhibits would have to be separated to show their relation to the merits of the claims against each set of defendants. As neither group served the same taxpayers, plaintiff argues, it would be forced to establish violations of the agreements with separate taxpayers for each group. Plaintiff states that the likelihood of jury confusion in such a situation would be great. For example, plaintiff notes, a jury may impute part or all of one or more witnesses' testimony to the wrong plaintiff or defendant, thereby rendering an improper verdict. Moreover, plaintiff asserts, a jury may consider one set of counterclaims as dispositive evidence that it committed wrongdoings against other defendants.

Finally, plaintiff argues, the defendants' counterclaims are different in each case and the facts establishing the claims will be different. Plaintiff concludes that it is difficult, if not impossible to conceive how jury instructions could be formulated to protect against jury

confusion if these cases are consolidated.

**III.     Defendants' Reply.**

Defendants did not file a reply to plaintiff's response.

## CONCLUSIONS OF THE COURT

The court has considered the arguments.  The Motion to Consolidate will be Denied.

This 2nd of August, 2005.

<br>

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**